IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PRICE, et al | : | Case No. 1:13-cv-74 |
| | : | |
| Plaintiffs, | : | Magistrate Judge Litkovitz |
| | : | |
| v. | : | **STIPULATION OF** |
| | : | **PROTECTIVE ORDER** |
| DIRECTOR, OFFICE OF MEDICAL ASSISTANCE, et al., | : | |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ.P. 26(c) and by agreement of the parties, the following provisions shall govern Defendants' Exhibit 4(a) to Plaintiffs' Request for Production of Documents ("Exhibit 4(a)") only as it relates to the following columns: "begin date," "end date," and "signature-date-2399" (hereinafter "protected information.)" All other redacted columns of this exhibit shall remain redacted and are not the subject of this protective order.

1. Defendants Ohio Department of Aging, the producing party of this exhibit and the Ohio Department of Medicaid has a strong interest in protecting the confidentiality of Medicaid information. Defendants consider this exhibit confidential, which requires protection against unrestricted disclosure and use, and thus, the need for this protective order with respect to the Plaintiffs' access to and use of the un-redacted columns "begin date", "end date" and "signature-date-2399" contained in Exhibit 4(a).

2. The protection conferred by this Order covers not only the protected information itself in Exhibit 4(a), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected information to persons not authorized to receive such information.

    2.1 Exhibit 4(a) is designated as "Confidential" because it may reveal personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure.

    2.2 The designation of protected information as "Confidential" shall be made by imprinting the word "Confidential" on the face of each page of the document.

3. Exhibit 4(a) shall be used only in the prosecution and defense of this case, shall not be used, whether alone, or in conjunction with other information, to identify or contact the individuals the exhibit relates to, and shall be restricted solely to the following persons unless and until this Court rules that any such protected information should be disclosed beyond the limits permitted by this Order.

    3.1 The parties and officers, members, or persons employed directly by the parties for this case, and the attorneys of record for the parties and persons directly employed by the attorneys of record in this case, for the specific and sole purpose of assisting said attorneys in this case. Such individuals shall be bound by the terms of this Order;

    3.2    Experts and consultants retained by the attorneys in this case, specifically for this case, provided that each such expert and consultant shall first execute a copy of Exhibit A, attached hereto, and provide a copy of the executed Exhibit A to the producing party;

    3.3    Non-party deponents, on the condition that they are first placed on notice that they are prohibited from disclosing or making use of any such protected information which may be disclosed to them in the course of discovery or any other proceeding in this case, and who agree on the record that they will maintain the confidentiality of the information disclosed;

    3.4    The Court, Court personnel and staff, and stenographers and videographers at any deposition or Court proceeding;

    3.5    The authors, originators, or producing party of the protected information provided, however, that nothing in this Order shall prevent such persons or entities from disclosing protected information when required by law or where, in their exclusive judgment, such disclosure is necessary or consistent with operation of state or federal programs that they administer or operate.

4. Copies of protected documents may be made for the experts and consultants described in paragraph 3.2, provided such individuals comply with the requirements of paragraph 3.2.

5. All pleadings and memoranda purporting to reproduce or paraphrase Exhibit 4(a), shall be filed in accordance with the Court's procedure for filing documents under seal. Any document filed under seal shall have any information designated as "Confidential" redacted and be filed publicly via ECF within seven days of being filed under seal.

6. All protected information, as well as duplicates and other documents referring in whole or in part to Exhibit 4(a) and the information contained therein, shall be maintained in the strictest confidence by all counsel and persons to whom disclosure is made pursuant to section 3 of this Order, and shall be used only for purposes of this suit, and shall not be disclosed to anyone other than the persons and in the manner described in section 3 herein.

7. Unless there is mutual agreement to the contrary, on final termination of this action, each party and other person subject to the terms hereof shall return to the producing party all materials and documents containing protected information, all copies, summaries, and abstracts thereof, and all other materials, memoranda or documents embodying data concerning the protected information, including all copies provided pursuant to section 4 of this Order.

> 7.1 Counsel for producing party- agrees to store all returned documents for a period of five (5) years and, should counsel to whom the documents were produced be sued for malpractice within that time, upon execution of an appropriate protective order, counsel for producing party will make such documents available to accused counsel for the defense of such action.

_____
Magistrate Judge Litkovitz

| | |
|---|---|
| /s/ Janet E. Pecquet<br>Janet E. Pecquet (#0013411)<br>Peter L. Cassady (#0005562)<br>Ashley J. Shannon (#0084964)<br>BECKMAN WEIL SHEPARDSON LLC<br>The American Book Building<br>300 Pike Street, Suite 400<br>Cincinnati, OH 45202<br>Telephone:    513-621-2100<br>Facsimile:    513-621-2100<br>jpecquet@beckman-weil.com<br>petercassady@beckman-weil.com<br>ashannon@beckman-weil.com<br><br>*Attorneys for Plaintiffs* | /s/ Cheryl R. Hawkinson<br>Cheryl R. Hawkinson (#0055429)<br>Amy Goldstein (#0015740)<br>Assistant Attorneys General<br>Health and Human Services Section<br>30 East Broad Street, 26th Floor<br>Columbus, OH 43215<br>Telephone:    614-466-8600<br>Facsimile:    614-466-6090<br>Cheryl.hawkinson@ohioattorneygeneral.gov<br>amy.goldstein@ohioattorneygeneral.gov<br><br>*Attorneys for Defendants* |

5

## EXHIBIT A

## CERTIFICATE OF COMPLIANCE

Protected information, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached Protective Order has been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such protected information in whole or in part or in any form or the information contained therein to any person, corporation, partnership, firm, governmental agency or association other than set forth in the Protective Order.

_____        _____
Date                                  Signature

                                      _____
                                      Name (Print)

T:\Hilleger - Saunders\Class Action - 9753\Pleadings\Protective Order.003.docx