UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KATHRYN A. PRICE, et al.,
    Plaintiffs,

vs.

MEDICAID DIRECTOR, OFFICE OF
MEDICAL ASSISTANCE, et al.,
    Defendants.

Case No. 1:13-cv-74
Litkovitz, M.J.

ORDER

## I. Introduction

On September 1, 2015, the Court granted plaintiffs' motion for summary judgment and denied defendants' motion for summary judgment, finding in relevant part that Ohio's regulations which prohibit Medicaid assisted living waiver benefits for up to three months prior to the month of application for individuals who were eligible for coverage at the time those services were furnished violate the retroactivity provision of 42 U.S.C. § 1396a(a)(34). (*See* Doc. 121 ("the Order") at 66). The Court also granted plaintiffs' motion for class certification and appointment of class counsel and certified the following class:

> All Ohio individuals who meet the eligibility standards for the assisted living Medicaid waiver for the months occurring no earlier than three months prior to the month of application, but who are denied coverage under the assisted living Medicaid waiver for all or some of those months.

(*Id.*). Further, the Court enjoined defendants:

> (1) from denying plaintiffs and the class eligibility for Medicaid assisted living waiver benefits for months in which they are determined to meet eligibility standards, for as early as three months prior to the month in which application is made, and to modify their policies and practices to achieve this relief; and (2) to identify and provide written notice to plaintiffs and all class members that their Medicaid assisted living waiver coverage will begin on the first day of the month in which they meet all eligibility criteria, up to three months prior to the month of application, with a notice advising them of the state administrative procedure, compliant with due process requirements, available if they desire to have defendants determine whether or not they may be eligible for additional days of Medicaid assisted living waiver coverage.

(*Id.* at 67). Defendants appealed. (*See* Doc. 123). This matter is now before the Court on plaintiffs' motion for an indicative ruling to amend the class definition (Doc. 137), defendants' response in opposition (Doc. 138), and plaintiffs' reply (Doc. 139).

## II. Legal Standard

The filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The rationale behind divestiture of jurisdiction of the district court once a notice of appeal is filed is that two different courts should not have simultaneous jurisdiction over the same matter, and the district court should not alter the scope of the judgment which is before an appellate court." *Anglers of the AU Sable v. U.S. Forest Serv.*, 590 F. Supp.2d 877, 880 (E.D. Mich. 2008) (citing *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992)). "Under [Federal Rule of Civil Procedure] 62.1, a district court may make certain indicative rulings on motions that the court lacks authority to grant because of a pending appeal." *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 382 (6th Cir. 2014). A district court may defer consideration of the motion, deny the motion, state that it would grant the motion if the appellate court remanded for that purpose, or state that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a).

"The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "A district court abuses its discretion under Rule 60(a) if it fails to correct a judgment that is 'at odds with what the court intended to accomplish.'" *Richards v. Ohio Civil Serv. Emps. Ass'n*, 205 F. App'x 347, 355 (6th Cir. 2006) (quoting *In re Walter*, 282 F.3d 434, 441 (6th Cir. 2002)). "[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *In re Walter*, 282 F.3d at 440-41 (quoting *Vaughter v. E. Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). *See also*

*Kokomo Tube Co. v. Dayton Equip. Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) ("In deciding whether Rule 60(a) applies, we have to distinguish between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error.") (quotation marks and citation omitted), *rev'd on other grounds by McCarter v. Ret. Plan for Dist. Managers of Am. Family Ins. Grp.*, 540 F.3d 649, 653 (7th Cir. 2008).

**III. Discussion**

Plaintiffs move for an indicative ruling to clarify that the certified class is limited to persons with claims accruing on or after February 1, 2011. (Doc. 137 at 2). Plaintiffs indicate that defendants have argued in the Sixth Circuit "that the certified class definition is overbroad because it does not expressly incorporate the two-year statute of limitations in [Ohio Rev. Code] § 2305.10." (*Id.*). Plaintiffs assert that they agree with defendants and "have always maintained that the class is limited to claims accruing on or after February 1, 2011." (*Id.*). Plaintiffs contend that an indicative ruling "will save judicial resources by allowing the Court of Appeals to reduce time on this issue where both parties agree that the class definition should be limited by the two-year statute of limitations." (*Id.* at 3).

Defendants respond that they argued months ago in their response to plaintiffs' motion for class certification that the named plaintiffs who had filed within the limitations period were inadequate representatives for putative class members who would be barred by the statute of limitations. (Doc. 138 at 1). Defendants argue that at that time, plaintiffs assured the Court "that they would diligently pursue the claims of the *whole* class over which they sought certification," but that class counsel now "seeks to abandon a large chunk of the class that they represent." (*Id.*). Defendants contend that plaintiffs seek "piecemeal litigation," not judicial efficiency. (*Id.* at 1-2). Defendants argue that plaintiffs can achieve judicial economy "by simply agreeing with

3

any of Defendants' arguments in their merit brief in the appellate court." (*Id.* at 2). Defendants contend that plaintiffs have not "always maintained" that the class is limited to claims within the limitations period. (*Id.*). In support of this contention, defendants assert that when plaintiffs "sought, at oral argument, to amend the class-wide relief that they seek, they did not include any limitation to individuals who are not time-barred." (*Id.*). Defendants argue that "[a]n indicative ruling would only waste time" and that "[d]enying or deferring ruling on Plaintiffs' motion would best serve judicial economy by not disrupting appellate proceedings." (*Id.* at 3).

In reply, plaintiffs argue that defendants' response "suggests inaccurately that the class definition can be amended expeditiously through the appellate process," when defendants' opening appellate brief shows that defendants "wish to keep an otherwise undisputed legal issue alive in the Court of Appeals to create fodder for their argument that the summary judgment order represents judicial overreach." (Doc. 139 at 2). Plaintiffs quote numerous passages from defendants' appellate brief in which defendants argue that the Court's Order certified an overbroad class extending back to 2006. (*See id.* at 2-4). Plaintiffs argue that entering an indicative ruling would allow the Sixth Circuit to determine whether to remand the case for amendment of the class definition. (*Id.* at 4). Plaintiffs contend that if the Court enters an indicative ruling, the Sixth Circuit "would then be in the best position to determine questions of appellate judicial economy, and have the opportunity to consider whether amending the class definition will allow for a more focused appellate review." (*Id.*). Plaintiffs argue that the statute of limitations issue that defendants argue on appeal was never actively litigated in the parties' cross-motions for summary judgment. (*Id.* at 5). Instead, plaintiffs contend that defendants raised the issue only in relation to whether the particular named plaintiffs would be adequate class representatives, but never asked "this Court to rule on the (non-disputed) question of the statute of limitations." (*Id.*). Plaintiffs assert that their proposed class definition should have

4

included a time deadline and the absence of such a deadline was "an oversight that can easily be rectified through the granting of Plaintiffs' motion." (*Id.*).

Here, in reviewing the record, the Court notes that in their reply to defendants' opposition to the motion for class certification, plaintiffs agreed with defendants that the applicable statute of limitations in this case is two years. (*See* Doc. 111 at 12). Further, at oral argument on the cross-motions for summary judgment and the motion for class certification, plaintiffs stated: "[W]e filed this action on February 1, 2013, so we believe the statute of limitations goes back two years to February 1, 2011." (Doc. 135 at 106). Given this record, the Court finds well-taken plaintiffs' argument that the omission of a limitations deadline in the proposed class definition was an oversight. This oversight is correctable under Rule 60(a) because it is at odds with the intended class definition. *See* Fed. R. Civ. P. 60(a); *In re Walter*, 282 F.3d at 440-41.

Accordingly, if the Sixth Circuit remanded this case pursuant to Rule 62.1, the Court **WOULD GRANT** plaintiffs' motion for relief under Rule 60(a) and **WOULD ENTER** an amended order containing the following class certification (additions in italics):

> All Ohio individuals who, *on or after February 1, 2011*, meet the eligibility standards for the assisted living Medicaid waiver for the months occurring no earlier than three months prior to the month of application, but who are denied coverage under the assisted living Medicaid waiver for all or some of those months.

**IT IS SO ORDERED.**

Date: 1/20/2016

Karen L. Litkovitz
United States Magistrate Judge

5